IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-93 |
| | § | |
| DAMON R. WILLIAMS and TIFFANY M. WILLIAMS | § § | |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Ocwen Loan Servicing, LLC ("Plaintiff" or "Ocwen"), and files this its *Original Complaint* against Damon R. Williams and Tiffany M. Williams ("Defendants"), and would respectfully show the Court as follows:

### A. PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a limited liability company, whose citizenship is determined by its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Ocwen Loan Servicing, LLC is Ocwen Mortgage Servicing, Inc., which is incorporated and has its principal place of business in the U.S. Virgin Islands. Ocwen Loan Servicing, LLC is therefore a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction.

2. Defendant Damon R. Williams is an individual and citizen of the state of Texas. Mr. Williams may be served with process at 1701 North Meridian Greens Dr., Dickinson, Texas 77539, or at such other place as he may be found. Summons is requested.

3. Defendant Tiffany M. Williams is an individual and citizen of the state of Texas. Mrs. Williams may be served with process at 1701 North Meridian Greens Dr., Dickinson, Texas 77539, or at such other place as she may be found. Summons is requested.

3. In this suit, Plaintiff seeks to foreclose on a lien where the combined amount owed and the estimated attorney's fees are greater than $75,000.00; therefore, the minimum amount-in-controversy requirement has been met. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon the real property which secures the repayment of a debt pursuant to a Deed of Trust lien. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt, as well as accrued interest and estimated attorney's fees, is the amount in controversy. *Graham v. Henegar*, 640 U.S. 732, 736 (5th Cir. 1981). As of March 6, 2018, the outstanding amount owed on the debt at issue was at least $144,866.41. The Galveston Central Appraisal District valued the Property at $282,230.00.

4. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendants, and more than $75,000.00 is in controversy in this cause, exclusive of interest and costs. 28 U.S.C. § 1332.

5. Venue is proper in this district and division, the United States District Court for the Southern District of Texas, Galveston Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

### B. FACTS

6. This proceeding concerns a certain Loan Agreement secured by the real property and improvements commonly known as 1701 North Meridian Greens Dr., Dickinson, Texas 77539 (the "Property"), and more particularly described as follows:

LOT 32, BLOCK 1, BAYOU LAKES, SECTION 1, A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP/PLAT RECORDED IN VOLUME 2004A, PAGE 196, MAP/PLAT RECORDS, GALVESTON COUNTY, TEXAS.

8. On or about March 26, 2009, Damon R. Williams ("Borrower") executed a Promissory Note ("Note") in the principal amount of $170,848 in favor of Classic Home Financial, Inc., a Texas Corporation ("Classic Home"). Concurrently with the execution of the Note, Borrower and Tiffany M. Williams, Husband and Wife (collectively, the "Mortgagors") executed a Texas Home Equity Security Instrument ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Classic Home a security interest in the Property. The Security Instrument was recorded in the official public records of Galveston County on April 24, 2009, as Document No. 2009021816.

9. Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

10. Under the terms of the Loan Agreement, the Borrower is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

11. The Loan Agreement further provides that should the Borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

12. The Borrower has failed to make payments on the Note and has failed to comply with any and all of the covenants and conditions of the Security Instrument. Notice of default was

sent to the Borrower in accordance with section 51.002(d) of the Texas Property Code. The notice of default provided that payment in the amount of $3,775.71 was necessary in order to bring the Loan Agreement current. Additionally, the notice of default provided that failure to cure the default within thirty (30) days could result in Ocwen's election to exercise its right to foreclose on the Property.

13. Borrower failed to cure the default within the period of time provided. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### C. CAUSE OF ACTION: DECLARATORY JUDGMENT

15. The foregoing paragraphs are incorporated by reference for all purposes.

16. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

17. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Defendants' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Defendants, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### D. CAUSE OF ACTION: FORECLOSURE

18. The foregoing paragraphs are incorporated by reference for all purposes.

19. Plaintiff asserts a cause of action for judicial foreclosure against the Defendants. Plaintiff has fully performed its obligations under the Loan Agreement, however, the Borrower has failed to make the payments required under the Note, which constitutes an event of default.

20. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Accordingly, Plaintiff seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

21. Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against the Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8). Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against the Borrower personally.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Damon R. Williams and Tiffany M. Williams be cited to appear and answer herein and that the Court enter judgment granting:

a. That Plaintiff's lien against the Property shall be enforced by a judgment and judicial foreclosure; and

b. Attorney fees and costs of suit; and

c. All other relief, in law and in equity, to which Plaintiff is entitled.

        Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **GORDON W. GREEN**
    Texas Bar No. 24083102
    ggreen@mwzmlaw.com

    **MACKIE WOLF ZIENTZ & MANN, P.C.**
    14160 N. Dallas Parkway, Suite 900
    Dallas, Texas 75254
    214-635-2650 (Phone)
    214-635-2686 (Fax)

    *Attorneys for Plaintiff*